# Third District Court of Appeal

## State of Florida

Opinion filed July 1, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1344
Lower Tribunal No. 21-004231-CA-01
_____

**Robertaud Toussaint,**
Appellant,

vs.

**Universal Property & Casualty Insurance Company,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Tanya Brinkley, Judge.

Scott J. Edwards, P.A., and Scott J. Edwards (Boca Raton); Vyacheslav Borshchukov, P.A., and Vyacheslav Borshchukov (Ft. Lauderdale), for appellant.

Link & Rockenbach, PA., and Kara Rockenbach Link and David A. Noel (West Palm Beach), for appellee.

Before LOGUE, GORDO and LOBREE, JJ.

PER CURIAM.

Appellant Robertaud Toussaint appeals the trial court's final judgment in favor of his insurer, Universal Property & Casualty Insurance Company, following a jury trial in his declaratory judgment action seeking insurance coverage. The jury found that the claimed damage to Toussaint's roof was excluded from coverage because it was the result of wear, tear, and deterioration, and further found that Toussaint did not prove "by the greater weight of the evidence that the ensuing damage to the property [was] covered under the subject policy."

On appeal, Toussaint only challenges the jury's finding relating to the ensuing damage. He contends he was entitled to a new trial on this limited issue because there was no evidence presented at trial to support the jury's verdict that the ensuing damage was not covered under the policy. Having carefully reviewed the trial transcripts, we conclude the record reflects conflicting evidence on the issue of whether the ensuing damage was covered under the policy, including incongruities in Toussaint's testimony and the conflicting evidence of the parties' expert witnesses. See 50 State Sec. Serv., Inc. v. Giangrandi, 132 So. 3d 1128, 1133 (Fla. 3d DCA 2013) ("If a review of the record establishes that conflicting evidence was presented at trial, an appellate court cannot conclude that a trial court abused its discretion in denying the motion [for new trial].").

Furthermore, the jury was instructed—based on jury instructions expressly agreed to by Toussaint—that the issue it was required to determine was whether Toussaint proved, by the greater weight of the evidence, that he suffered a direct physical loss during the policy period. The jury was then asked to determine—pursuant to a verdict form proposed by Toussaint himself—whether Toussaint proved by the greater weight of the evidence that the ensuing damage to the property was covered under the policy. The jury returned special verdicts against Toussaint on both issues.

Given the conflicting evidence in the record and the presentation of the issue to the jury for determination, we conclude the trial court did not abuse its discretion in denying a new trial on the issue of whether the ensuing damage was covered under the policy.

Affirmed.